Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
LIYA WALLACE, SBN 337613
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com
Email: liya@justice4you.com

Attorneys for Plaintiff
*THELMA LOPEZ*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA LOPEZ<br><br>      Plaintiff,<br><br>vs.<br><br>DANUVIAL SERVICE SOLUTIONS, INC.,<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fair Labor Standards Act – Minimum Wage (29 USC 206)<br><br>2. Fair Labor Standards Act – Overtime (29 USC 207)<br><br>3. California Labor Code – Minimum Wage (LC 1197, 1194.2)<br><br>4. California Labor Code – Overtime (LC 510, 1194)<br><br>5. California Labor Code - Meal Period Violations (LC 226.7)<br><br>6. California Labor Code - Rest Period Violations (LC 226.7)<br><br>7. California Labor Code - Pay Stub Violations (LC 226)<br><br>8. California Labor Code Failure to Indemnify/Reimburse (LC 2802)<br><br>9. California Labor Code – Final Wages Violations (LC 203) |

COMPLAINT FOR DAMAGES

***JURY TRIAL DEMANDED***

1
2
3
4
5
6

Comes now Plaintiff THELMA LOPEZ, who alleges and complains as follows on information and belief, and who prays for relief from the court.

### SUMMARY

1.   Plaintiff Thelma Lopez was employed by Defendant Danuvial Service Solutions, Inc. in a non-exempt position as a custodian.  Plaintiff diligently performed her work, cleaning and sanitizing commercial offices and United States Postal Service offices, throughout San Joaquin County. During her employment, Plaintiff would often work additional time past the normal end of her regular shifts, but she was only compensated for her regular hours. Despite bringing this to management's attention, Plaintiff never received her earned overtime wages. Defendant also failed to provide Plaintiff with legally compliant meal breaks. Instead, Plaintiff was required to eat while performing work duties. Likewise, Defendant refused to grant Plaintiff a ten-minute rest periods per four hours worked. In addition, Plaintiff was required to incur mileage with her own vehicle and use her cell phone for work related tasks for which she was not reimbursed. Finally, as a result of not paying Plaintiff for all hours worked, Defendant created inaccurate payroll records in violation of Labor Code. These violations give rise to FLSA and Cal. Labor Code wage and hour claims.

### PARTIES

2.   Plaintiff THELMA LOPEZ (hereafter "PLAINTIFF") is an adult individual residing in California.  PLAINTIFF was at all relevant times employed by Defendant DANUVIAL SERVICE SOLUTIONS, INC. in California.

3.   Defendant DANUVIAL SERVICE SOLUTIONS, INC. (hereafter "DEFENDANT") is a private business and employer with its principal place of business in Nevada within Las Vegas County.

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

4.   The Court has federal question subject matter jurisdiction over this dispute because Plaintiff alleges violations of the Fair Labor Standards Act, 29 USC §201, *et seq*.

5.   The Court has supplemental subject matter jurisdiction over this dispute because the allegations of the state law claims substantially overlap and are intertwined with the same series of events, transactions, and course of employment at issue in the federal claims.  28 U.S. Code § 1367.

6.   The acts and omissions at issue in this pleading occurred within San Joaquin County.

7.   DEFENDANT's headquarters are located within Las Vegas County in Nevada.

**GENERAL FACTUAL ALLEGATIONS**

8.   DEFENDANT operates a janitorial commercial service business.

9.   At all times relevant to this Complaint, DEFENDANT has employed over 200 people throughout 50 states, and has over 15 employees based in San Joaquin County, California.

10.   DEFENDANT provides cleaning services to commercial customers.

11.   PLAINTIFF was at all relevant times employed by DEFENDANT, including within the period of June 1, 2019 through December 9, 2020 as a custodian.

12.   PLAINTIFF was hired as a non-exempt hourly employee.

13.   DEFENDANT did not pay PLAINTIFF for all hours worked, giving rise to a minimum wage violation under FLSA and the California Labor Code.  This included a failure to pay any additional wages when PLAINTIFF'S work exceeded seven hours a day.  This also included a failure to pay additional wages when PLAINTIFF worked through lunch.

14.   DEFENDANT did not pay PLAINTIFF overtime when her workday exceeded 8 hours per day, giving rise to a California Labor Code overtime violation.

15.   DEFENDANT did not pay PLAINTIFF overtime when her workweek exceeded 40 hours, giving rise to an FLSA overtime violation.

16.   DEFENDANT did not allow PLAINTIFF 10 minute rest breaks in each 4 hour work period, giving rise to a California Labor Code claim for missed rest periods.

3

COMPLAINT FOR DAMAGES

17.     DEFENDANT did not pay PLAINTIFF any statutory/civil premium wages for missed breaks and lunch periods.

18.     DEFENDANT did not keep accurate records of PLAINTIFF's work hours.

19.     DEFENDANT did not pay all wages due to PLAINTIFF when they were due on regular paydays.

20.     PLAINTIFF complained to DEFENDANT about not being paid in accordance with the law.  DEFENDANT refused to pay PLAINTIFF properly despite her complaints.

21.     PLAINTIFF was required to use her own cell phone and was not reimbursed for making business related phone calls, clocking in and out, and contacting her supervisors.

22.     PLAINTIFF was required to use her own vehicle to travel between worksites and was not reimbursed therefor.

23.     DEFENDANT's conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code such that the Statute of Limitations is 3 years for FLSA. DEFENDANT was aware of all their obligations under the FLSA and California Labor Code, including but not limited to the obligation that employees must be compensated for all time spent working, that accurate records were required, and that any premiums or statutory damages needed to be paid and reported on time stubs. DEFENDANT made the knowing and deliberate determination not to comply with FLSA and the California Labor Code. The intentional nature of DEFENDANT's conduct is reflected by the fact that DEFENDANT attempted to obscure conduct by not providing paystubs, DEFENDANT set unrealistic work expectations that could never be completed in the amount of time paid for, DEFENDANT demanded that PLAINTIFF drive from one work location to another in the middle of the workday and refused to pay her for that time, DEFENDANT required PLAINTIFF to work non-stop until her shifts were completed resulting in late lunch breaks or missed entirely due to her having to eat on the job as she drove between job sites; DEFENDANT engaged in this conduct even after PLAINTIFF complained.

COMPLAINT FOR DAMAGES

24. The above allegations were applicable to every workweek that PLAINTIFF was employed by DEFENDANT, including each workweek starting from PLAINTIFF's hire date on about June 1, 2019 to the last date of her employment on about December 9, 2022.

## FIRST COUNT

## FAIR LABOR STANDARDS ACT – MINIMUM WAGE

## 29 USC § 206

## (BY PLAINTIFF and AGAINST DEFENDANT)

25. PLAINTIFF incorporates all prior paragraphs by reference.

26. DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 206.

27. PLAINTIFF was at all relevant times DEFENDANT'S employee.

28. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.

29. PLAINTIFF was at all relevant times a non-exempt employee.

30. PLAINTIFF regularly worked through her lunches and also worked at least a full day of 9 hours of work in addition to the lunch period on five days per week.  She was not paid any wages for the lunch period, and so for the lunch period was not paid minimum wage for that time.

31. PLAINTIFF often worked more than 40 hours per week, but was not paid any wages for such work such that she was not paid minimum wage for her working time over 40 hours per week.

32. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

33. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. 29 USC §216(b).

## SECOND COUNT

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

## 29 USC § 207

5

COMPLAINT FOR DAMAGES

**(BY PLAINTIFF and AGAINST DEFENDANT)**

34.   PLAINTIFF incorporates all prior paragraphs by reference.

35.   DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 207.

36.   PLAINTIFF was at all relevant times DEFENDANT'S employee.

37.   PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.

38.   PLAINTIFF was at all relevant times a non-exempt employee.

39.   PLAINTIFF regularly worked through her lunches and also worked at least a full day of 9 hours of work in addition to the lunch period on five days per week.  Consequently, she regularly worked overtime (more than 40 hours per week) throughout her course of employment with DEFENDANT.

40.   PLAINTIFF often worked more than 40 hours per week, but was not paid overtime wages for such work.

41.   As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

42.   PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. 29 USC §216(b).

**THIRD COUNT**

**FAILURE TO PAY WAGES DUE INCLUDING MINIMUM WAGES**

**(OFF THE CLOCK WORK)**

**CALIFORNIA LABOR CODE §§ 1197, 1194.2; IWC WAGE ORDERS**

**(BY PLAINTIFF and AGAINST DEFENDANT)**

43.   PLAINTIFF incorporates all prior paragraphs by reference.

44.   Cal. Labor Code §1197 sets the minimum wage according to match the relevant IWC Wage Order.

45.   All Wage Orders relevant to this matter, including but not necessarily limited to IWC Wage Order 5 [Public Housing Industry] require payment for all time that an employee

6

is suffered or permitted to work.  *See,*  IWC Wage Order 5 at para 3 [pay required for "all hours worked"], para 2(K) ["'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."]

46.  Cal. Labor Code §1194 provides a private right of action to recover unpaid wages as minimum wages, interest, and attorney's fees.

47.  Cal. Labor Code §1194.2 enhances the private right of action to recover unpaid minimum wages to include an equal amount in liquidated damages, and related relief.

48.  Plaintiff alleges she suffered and/or permitted by DEFENDANT to work off the clock such that she was paid no wages from some hours worked.  This includes but is not limited to PLAINTIFF's work during those ostensible meal periods for which she was paid no wages but still worked during the purported 30 minute break period, in addition to other unpaid work hours.

49.  All unpaid work hours reflect a minimum wage violation.

50.  Cal. Labor Code § 558.1 provides for liability for DEFENDANT  as to this count because, among other reasons, violations of minimum wage rules and IWC Work Orders concerning minimum wages and work hours/days are expressly referenced in the statute.

## FOURTH COUNT

## CALIFORNIA LABOR CODE – OVERTIME WAGES

## CALIFORNIA LABOR CODE §§ 510. 1194, and WAGE ORDER

## (BY PLAINTIFF and AGAINST DEFENDANT)

51.  PLAINTIFF incorporates all prior paragraphs by reference.

52.  DEFENDANT at all relevant times was employer subject to the California Labor Code, including but not limited to §§ 510, 1194, 1197, 1197.1, IWC Wage Order No. 5 (or other applicable Wage Order), and all other provisions requiring payment of overtime wage to its employees.

53.  PLAINTIFF was at all relevant times DEFENDANT'S employee.

COMPLAINT FOR DAMAGES

54. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.

55. PLAINTIFF was at all relevant times a non-exempt employee.

56. PLAINTIFF regularly worked through her lunches and also worked at least a full day of 9 hours of work in addition to the lunch period on five days per week.  Consequently, she regularly worked overtime (more than 40 hours per week and 8 hours per day) throughout her course of employment with DEFENDANT.

57. PLAINTIFF often worked more than 40 hours per week and 8 hours per day, but was not paid overtime wages for such work.

58. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

59. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. *See, e.g.,* California Labor Code §§ 510, 1194, and Wage Order 5.

## FIFTH COUNT

### FAILURE TO PAY PREMIUMS FOR FORFEITED MEAL PERIODS

### CALIFORNIA LABOR CODE § 226.7; IWC WORK ORDER

### (BY PLAINTIFF and AGAINST DEFENDANT)

60. PLAINTIFF incorporates all prior paragraphs by reference.

61. DEFENDANT failed to pay PLAINTIFF premiums of one hour of wages for each occasion on which PLAINTIFF was not provided with an unpaid uninterrupted 30 minute break relieved of all work duties.

62. Such premiums were required to be paid pursuant to Labor Code § 226.7 ["If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided."]

63. Such premiums were required to be paid by the relevant IWC Wage Order.  *See, e.g.,* IWC Wage Order No. 5 [Public Housing Industry] available in current and historical

forms at https://www.dir.ca.gov/iwc/wageorderindustries.htm.  Wage Order 5 effective as of 2002 states at par 11(B), "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

64.   PLAINTIFF alleges she was not provided with legally compliant meal periods as a general rule such that one hour of wages is due to plaintiff for each day of employment, or as otherwise established by proof.

**65.**   Cal. Labor Code § 558.1 provides for liability for DEFENDANT as to this count because, among other reasons, Cal. Labor Code 226.7 is expressly referenced in the statute.

## SIXTH COUNT

## FAILURE TO PAY PREMIUMS FOR FORFEITED REST PERIODS

## CALIFORNIA LABOR CODE § 226.7; IWC WORK ORDER

## (BY PLAINTIFF and AGAINST DEFENDANT)

66.   PLAINTIFF incorporates all prior paragraphs by reference.

67.   DEFENDANT failed to pay PLAINTIFF premiums of one hour of wages for day in which PLAINTIFF was not provided with the opportunity to take one or more net 10 minute rest periods.

68.   Such premiums were required to be paid pursuant to Labor Code § 226.7 ["If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."]

69.   Such premiums were required to be paid by the relevant IWC Wage Order.  *See, e.g.*, IWC Wage Order No. 5 [Public Housing Industry] available in current and historical forms at https://www.dir.ca.gov/iwc/wageorderindustries.htm.  Wage Order 5 effective as of 2002 states at par 12(B), "If an employer fails to provide an employee a rest period

9

in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

70.    PLAINTIFF alleges she was not provided with a legitimate opportunity to take legally compliant rest periods as a general rule such that one hour of wages is due to plaintiff for each day of employment, or as otherwise established by proof.

71.    Cal. Labor Code § 558.1 provides for liability for DEFENDANT as to this count because, among other reasons, Cal. Labor Code 226.7 is expressly referenced in the statute.

<u>**SEVENTH COUNT**</u>

<u>**FAILURE TO PROVIDE ACCURATE PAY STUBS**</u>

<u>**CALIFORNIA LABOR CODE § 226**</u>

<u>**(BY PLAINTIFF and AGAINST DEFENDANT)**</u>

72.    PLAINTIFF incorporates all prior paragraphs by reference.

73.    DEFENDANT failed to provide accurate paystubs to PLAINTIFF as alleged herein. Paystubs must be timely provided with payment of wages and correctly state all information required in Labor Code § 226(a).

74.    PLAINTIFF alleges that any paystubs provided to her failed include all such information, including but not limited to an accurate statement of hours worked and wages due.

75.    Cal. Labor Code 226(e) provides a private right of action for such inaccurate paystubs for $50 in damages for the first violation, and $100 for subsequent violations up to a maximum of $4,000.  Attorney fees and litigation costs are also recoverable.

76.    Cal. Labor Code § 558.1 provides for liability for DEFENDANT as to this count because, among other reasons, Cal. Labor Code 226 is expressly referenced in the statute.

///
///

COMPLAINT FOR DAMAGES

### EIGHTH COUNT

### FAILURE TO INDEMNIFY/REIMBRUSE BUSINESS EXPENSES

### CALIFORNIA LABOR CODE §2802

### (BY PLAINTIFF and AGAINST DEFENDANT)

77.  PLAINTIFF incorporates all prior paragraphs by reference.

78.  California Labor Code §2802 requires employers to indemnify their employees for expenses and losses incurred while discharging their duties or while acting in obedience to the directions of their employer.

79.  California Labor Code §2804 mandates that this statutory right cannot be waived.

80.  PLAINTIFF incurred losses while acting in obedience to the directions of DEFENDANT. Such losses include, among other things, losses incurred when PLAINTIFF was instructed to use her personal cell phone and vehicle for purposes related to DEFENDANT's business operations, which happened regularly every shift.

81.  DEFENDANT maintained no policy of reimbursement of such expenses and refused to reimburse said expenses even though DEFENDANT knew of and required PLAINTIFF to incur such expenses.

82.  As a direct result of DEFENDANT's violations of California Labor Code §2802, PLAINTIFF suffered substantial losses related to unpaid expenses, the use and enjoyment of monies owed, lost interest on monies owed, and attorney's fees in an amount to be proven at the time of trial.

83.  DEFENDANT has derived an unjust and inequitable economic benefit in failing to comply with the law regarding indemnification and reimbursement of employees.

84.  For DEFENDANT's violations of California Labor Code §2802, PLAINTIFF is entitled to and hereby do seek back-owed reimbursement for the use of her cell phone, and mileage/travel expenses, among other expenses, as well as interest, statutory and equitable attorneys' fees, costs, and applicable penalties in an amount to be proven at trial.

///

## NINTH COUNT

## FAILURE TO TIMLEY PAY WAGES ON SEPARATION FROM EMPLOYMENT

## CALIFORNIA LABOR CODE § 203

## (BY PLAINTIFF and AGAINST DEFENDANT)

85. PLAINTIFF incorporates all prior paragraphs by reference.

86. Pursuant to Cal. Labor Code § 203, an employer who willfully fails to timely pay all wages due to a discharged employee is liable for payment of continued wages until such time that such wages are paid, up to a maximum 30 days.

87. PLAINTIFF alleges that she was not paid all wages due when terminated or within 30 days of such termination (or other applicable deadline).  This includes, but is not limited to, failure to pay for work off the clock such as work during meal periods and other times alleged herein.

88. Cal. Labor Code § 558.1 provides for liability for DEFENDANT as to this count because, among other reasons, Cal. Labor Code 203 is expressly referenced in the statute.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For unpaid wages;

2. For liquidated damages;

3. For prejudgment and post-judgement interest to the extent allowed by law;

4. For all premiums due;

5. For all statutory penalties, civil penalties, or other similar assessments due;

6. For thirty days of wages;

7. For reasonable attorney fees as provided by law;

8. For costs of litigation;

9. For such other and further relief as this court deems just and proper so as to provide all available remedies available at law or equity to the benefit of PLAINTIFF.

COMPLAINT FOR DAMAGES

1   For the purposes of default judgment and due process, and subject to revision upwards

2  or downwards according to proof, PLAINTIFF makes a specific demand per the Federal Rules

3  of Civil Procedure.  PLAINTIFF demands $300,000 plus attorney's fees and costs.

4

5  Respectfully submitted,

6  Date: October 11, 2022                    CLAYEO C. ARNOLD, PLC

7

8                                            By: /s/ Liya Wallace

9                                                Liya Wallace
                                                 Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY**

Plaintiff demands jury trial for all counts and issues subject to trial by jury.

Date: October 11, 2022                    CLAYEO C. ARNOLD, APLC


                                    By: /s/ Liya Wallace
                                        Liya Wallace
                                        Attorneys for Plaintiff

COMPLAINT FOR DAMAGES